B. W. STURDIVANT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARET YANDELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GARNETT S. WILBOURN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21028, 21029, 21030, 21031.   Promulgated December 15, 1950.

*Robert Ash, Esq.,* and *Carl F. Bauersfeld, Esq.,* for the petitioners.
*J. Frost Walker, Esq.,* for the respondent.

# 884

OPINION.

JOHNSON, *Judge:* The first issue for our determination is whether legal fees paid by the partnership, M. P. Sturdivant Plantations, during the fiscal years ended February 28, 1943, and February 29, 1944, for the defense of two of its partners and an employee in a criminal action and the negotiation and settlement of a civil claim arising out of the homicide of one M. D. Alexander are deductible as an ordinary and necessary business expense, and also, whether the sum of $25,000 paid in settlement of the civil claim is so deductible.

The ultimate question upon which this issue depends is whether, within the provisions of section 23 (a) (1) (A) of the Internal Revenue Code, the expenses thus incurred were ordinary or necessary to the business of the partnership which is principally cotton farming.

It is asserted by petitioners that the incident out of which the payment of these sums of money resulted (the homicide of M. D. Alexander), arose directly from the refusal of Alexander to permit employees of the partnership to remove the wood from his farm in accordance with the contract between the parties.

If we should grant, which we do not, that the disagreement over the contract was the sole cause of the fist fight and fatal shooting, we still must determine whether these incidents proximately resulted from or were so directly connected with the business of the partnership that expenses incurred therefrom were ordinary and necessary. It is well founded doctrine that a partnership, and consequently, all of the partners, become liable for the acts of an individual partner performed within the course of his employment or for the benefit of the partnership. Were these acts performed by the partners within the course of their employment and for the benefit of the partnership? We think not. Granted that settling disputes or taking action to enforce a contract could be within the purview of a partner's duties and for the benefit of the partnership, still upon the facts before us we fail to see

wherein settlement of a dispute or enforcement of a contract or any objective related to the business of the partnership was the purpose in mind at the time of the fist fight or at the time the partners went forth fully armed. We believe B. W. Sturdivant was acting on his own and not as a partner when he engaged in fisticuffs with Alexander in the defense of his honor. The law can not countenance and has long frowned upon the settlement of disputes by violence. Lawful avenues for settlement of the dispute and defense of honor are available upon recourse to the courts. It can not be said that settlement of a dispute or defense of honor in this manner was ordinary to this business or to business in general.

The crime with which the partners and employee were charged was purely personal. The partnership was not indicted nor were the expenses incurred in its defense. Although the partnership may have suffered from the loss of services of its partners, that loss would not have come about from activities engaged in on behalf of the partnership in normal accepted business practice.

These activities being the personal affairs of the partners and employee involved and not authorized nor within the scope of their employment, no civil liability could attach to the remaining partners through the partnership association. The amount paid in settlement of the civil claim was not a debt of the partnership and does not constitute ordinary and necessary business expense. The fact that it was paid out of partnership funds does not make it so. *Pantages Theatre Co.* v. *Welch*, 71 Fed. (2d) 68.

The petitioners cite *Commissioner* v. *Heininger*, 320 U. S. 467. That case involved the deductibility of legal fees incurred by a mail order dentist in an effort to enjoin enforcement of a fraud order issued by the Postmaster General. It was there decided that the mailing of the circulars and advertisements was part of the business of the dentist. To be denied this practice would have meant the destruction of his business. It was in defense of his business that the legal fees and expenses were incurred. In the case before us, the incident giving rise to the expenditures was not within the business of the partnership but was the personal affair of the parties involved.

The remaining issue to determine is whether the partnership paid to J. C. Wilbourn $1,800 as an annual retainer fee for services not connected with the death of M. D. Alexander. If this fee was paid, is it deductible?

B. W. Sturdivant testified that legal fees were paid during the fiscal years ended February 28, 1943, and February 29, 1944, in the total amount of $15,754.50, which was paid in two installments, one at the termination of the criminal case and one at the time of settlement of the civil claim. The total amount claimed on the tax returns

for these two years as a deduction for legal fees was $17,030.29. No breakdown was·made as to what amount was paid to whom and for what services, except, it was testified, that the amount $15,754.50 included the amount of $1,800 paid to J. C. Wilbourn as an annual retainer. There is insufficient evidence in the record to make a determination that $1,800 was paid in legal fees to J. C. Wilbourn for services not connected with the death of Alexander and to refute in part the determination of respondent that the amount of $7,575 paid in legal fees during the fiscal year ended February 28, 1943, should be disallowed as a deduction. Since evidence supporting such an assertion was wholly within the power of petitioners, failure to present it should weigh against them and we sustain the determination of respondent.

*Decisions will be entered for the respondent.*